UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Guy Marshall Tarrents,

                Petitioner,

                      **MEMORANDUM OPINION**
v.                      **AND ORDER**
                      Civil No. 06-980 ADM/AJB

Marty Anderson,

                Respondent.

_____

Guy Marshall Tarrents, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner Guy Marshall Tarrents' ("Petitioner") Objections [Docket No. 9] to Magistrate Judge Arthur J. Boylan's Report and Recommendation ("R&R") [Docket No. 8] of March 9, 2006. The Magistrate Judge recommends that Petitioner's Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1] be dismissed for lack of jurisdiction; that Petitioner's Motion for Leave to Proceed *in forma pauperis* [Docket No. 2] be denied; that Petitioner's Motion for Emergency Hearing for Writ of Habeas Corpus [Docket No. 5] be denied; and that Petitioner's Motion in Support of Issuance of Subpoena Duces Tecum [Docket No. 6] be denied. Petitioner alleges he is "not challenging the imposition of his sentencing" but rather the "execution of his sentence." Objections at 1. The factual background of this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objections. For the reasons set forth below, the Objections are overruled, and the R&R is adopted.

## II. DISCUSSION

**A.     Standard of Review**

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

**B.     Jurisdiction**

Petitioner filed a 28 U.S.C. § 2241 habeas petition on February 19, 2006 while a prisoner at the Federal Medical Center in Rochester, Minnesota. Although Petitioner cites 28 U.S.C. § 2241 and avers that he is challenging the execution of his sentence, Judge Boylan correctly concluded that the Petition is actually an attack on the imposition of Petitioner's sentence by the sentencing court. Such an attack is only cognizable under 28 U.S.C. § 2255. See Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983) (a federal prisoner's challenge to the validity of his sentence must be addressed to the committing court unless he can show that such a motion is inadequate or ineffective to test the legality of his detention).

In his Objections, Petitioner argues that Judge Boylan misconstrued the Petition. Petitioner cites five cases[1] that he claims stand for the proposition that his attack on the imposition of his sentence is cognizable as a § 2241 habeas petition. However, all of the cases

---

[1] Petitioner cites to Jacobson v. United States, 542 F.2d 725 (8th Cir. 1976); United States v. Clinkenbeard, 542 F.2d 59 (8th Cir. 1976); Lee v. United States, 501 F.2d 494 (8th Cir. 1974); Tanner v. Moseley, 441 F.2d 122 (8th Cir. 1971); and Stinson v. United States, 342 F.2d 507 (8th Cir. 1965).

cited by Petitioner are either inapposite or support that Petitioner's sole remedy for an attack on the imposition of his sentence is by means of a § 2255 motion.

Judge Boylan also correctly concluded that, even though it is possible for the sentencing court to construe a § 2241 habeas petition as a § 2255 motion in order to address the merits of the claim, it is not possible to do so with regard to Petitioner's current § 2241 habeas petition because Petitioner previously filed a § 2255 motion that was denied.  R&R at 3-4.  In accordance with 28 U.S.C. § 2244(b)(3) and § 2255, Petitioner must first obtain an order from the Eighth Circuit Court of Appeals authorizing the sentencing court to consider a second or successive § 2255 motion.  Petitioner has not done so.

Finally, notwithstanding the fact that this Court does not have jurisdiction to consider Petitioner's Petition, as Judge Boylan correctly noted, District Court Judge David S. Doty has previously considered and rejected Petitioner's argument, relying in part on United States v. Booker, 543 U.S. 220 (2005).  United States v. Tarrents, Crim. No. 03-27(1) (D. Minn. May 2, 2005).  Moreover, two months after Judge Doty's denial of Petitioner's original § 2255 motion, the Eighth Circuit held that the "new rule" announced in Booker is not retroactively applied, and is not available to a defendant on collateral review.  See Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).  Therefore, all claims made by Petitioner concerning his sentence as imposed by the sentencing court must be dismissed, as this Court is without jurisdiction to consider them.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Boylan's R&R [Docket No. 8] is **ADOPTED**;

2. Petitioner's Objections [Docket No. 9] are **OVERRULED**;

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED**;

4. Petitioner's Motion for Leave to Proceed *in forma pauperis* [Docket No. 2] is **DENIED**;

5. Petitioner's Motion for Emergency Hearing for Writ of Habeas Corpus [Docket No. 5] is **DENIED**; and

6. Petitioner's Motion in Support of Issuance of Subpoena Duces Tecum [Docket No. 6] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 5, 2006.